G. BARTLING & CO., A PARTNERSHIP, APPELLANT, V. HARRIS TRUCK LINES, INC., A CORPORATION, ET AL., APPELLEES.
122 N. W. 2d 243

Filed June 21, 1963. No. 35435.

Eisenstatt, Lay, Higgins & Miller and Larry T. Reida, for appellant.

Nelson, Harding & Acklie and Charles F. Noren, for appellees.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

YEAGER, J.

This action as commenced was by petition of G. Bartling & Co., a partnership, plaintiff, appellant here,

against Harris Truck Lines, Inc., a corporation, defendant, denominated an appellee here, for the recovery of past-due and owing premiums in the amount of $1,113.51 on an insurance policy issued by the plaintiff to this defendant. The defendant filed a special appearance on the ground that no sufficient personal service was had on this defendant. The special appearance was never ruled upon. The record discloses however, and the parties agree, that the court never did obtain jurisdiction over the person of this defendant. It was never therefore anything more than a nominal party defendant.

Thereafter the plaintiff filed an amended petition which included by reference the allegations of the original petition and in addition pleaded a cause of action against one John Seib, who is the only defendant over whom or which, by agreement of all parties, the court ever obtained jurisdiction. He is designated as defendant and appellee, and is the only appellee subject to the jurisdiction of the court. As was true of the cause of action pleaded against Harris Truck Lines, Inc., this one was for past-due premiums in the amount of $501.69 on an insurance policy. This cause of action was based on a transaction entirely separate from the one on which the first one was pleaded. It related also to an entirely different policy of insurance.

Thereafter Seib entered a voluntary appearance in the action in which he denied all of the allegations of the petition except that he had on October 30, 1959, purchased policies of insurance from the plaintiff.

He also filed a counterclaim the substance of which, to the extent necessary to state here, is that on the basis of deposits made for insurance premiums and on account of debits and credits between him and the plaintiff, the plaintiff is indebted to him in the amount of $3,572.79 for which amount he prays judgment together with interest, attorney's fees, and costs.

The plaintiff filed a reply which is in pertinent substance a general denial.

The next step was a motion by the plaintiff for a summary judgment against the defendants. On the same day the defendant John Seib filed a motion for summary judgment against the plaintiff.

Thereafter a stipulation of facts was filed. Attached thereto were a number of exhibits the authenticity of which was approved. It also contained factual statements to all of which the parties agreed. This stipulation was signed on behalf of the plaintiff by its attorneys, on behalf of Seib by his attorneys, and on behalf of Harris Truck Lines, Inc., by its attorneys. The same attorneys represented Seib and Harris Truck Lines, Inc.

By this stipulation it is agreed effectually that the court was without jurisdiction of Harris Truck Lines, Inc. It is further agreed that Seib should assume all of the rights, duties, and liabilities of Harris Truck Lines, Inc., under the insurance policy issued to it by the plaintiff which provides the basis for plaintiff's first cause of action. The language of the assumption is as follows: "* * * that for the purposes of this case, and only this litigation, defendant John Seib shall assume all of the rights, duties and liabilities of defendant Harris Truck Lines, Inc."

This first cause of action is predicated upon the true meaning and application of the contract of insurance issued to Harris Truck Lines, Inc., by the plaintiff and particularly the following provision: "If the named insured cancels, earned premiums shall be computed in accordance with the customary short rate table and procedure. If the Company cancels, earned premiums shall be computed pro rata. Premium adjustment may be made at the time cancellation is effected and, if not then made, shall be made as soon as practicable after cancellation becomes effective."

By the stipulation it is agreed substantially that the assumption relates to policy No. 211039 which was issued to Harris Truck Lines, Inc., by plaintiff and was in force for approximately 5½ months after which it was

canceled by the plaintiff, and under which, if its terms may properly be interpreted and applied as the plaintiff contends they should be, there is an indebtedness which was due from Harris Truck Lines, Inc., to plaintiff in the amount of $1,093.51.

It is further substantially agreed that if the policy may be properly interpreted and applied as Seib contends it should be, Harris Truck Lines, Inc., is entitled to a refund of premiums from the plaintiff in the amount of $3,629.88.

It is further substantially agreed that if this claimed obligation of the plaintiff in favor of Harris Truck Lines, Inc., is valid, then the plaintiff is entitled to have the amount reduced by $501.69, an amount admittedly owed by Seib to the plaintiff as a balance of premiums due on a different and entirely unrelated insurance policy, the effect of which would be that Seib would be entitled to a recovery against the plaintiff in the amount of $3,128.19.

The case was tried to the court on the basis of the pleadings referred to herein, the stipulation which has been summarized, and the respective motions for summary judgment.

In the light of the procedural complications in the seriatim statement of the case it is deemed advisable to state it in comprehensive essence as submitted to the district court. In actuality it became, under the pleadings, proceedings, and the stipulation which has been referred to, an action by the plaintiff against John Seib as defendant for premiums due on an insurance policy. The amount involved was $501.69 and it was stipulated that this amount was due and owing. The plaintiff claimed a right of recovery for premiums due from Harris Truck Lines, Inc. Harris Truck Lines, Inc., however, never became a party to this action. It asserted overpayment of premiums on its insurance policy which had been canceled by the plaintiff. It, in effect, assigned its claim for overpayment of premiums to Seib and Seib asserted this assigned claim against the plain-

tiff. Seib, along with the assignment from Harris Truck Lines, Inc., assumed the obligation of Harris Truck Lines, Inc., to pay the plaintiff whatever, if anything, was due and owing to it on account of unpaid premiums on the policy which had been canceled.

At the conclusion of the trial the motion of the defendant Seib for summary judgment was sustained and judgment was rendered in his favor and against the plaintiff for $3,128.19, which was the stipulated amount of $3,629.88, the claim of the Harris Truck Lines, Inc., less the amount of $501.69 due to plaintiff from Seib. Motion for new trial was duly filed by the plaintiff which was overruled. From the judgment and the order overruling the motion for new trial the plaintiff has appealed.

Four assignments of error are set forth in the brief but the determination must depend upon whether or not the district court properly interpreted and applied the provisions of the insurance policy issued by the plaintiff to Harris Truck Lines, Inc. If it did, the judgment is correct, but if it did not, then the plaintiff is entitled to judgment on its motion for summary judgment against Seib for $1,093.51 on the Harris Truck Lines, Inc., account, and for $501.69 on his own obligation. The computations as such are not in dispute.

The appeal has not come to this court accompanied by a bill of exceptions, but on a case stated. This case stated embodies by reference all of the essential facts contained in and referred to in the stipulation which was submitted to the district court on the trial of the case. In particular it contains reference to and identifies the insurance policy with the clauses therein and the endorsements thereon which require consideration and on the meaning of which the rights of the parties depend.

The policy of Harris Truck Lines, Inc., was effective from October 13, 1959, and by its terms, until canceled. It has no fixed expiration date. By the terms of the policy it was agreed that the minimum premium for each

12-month period should be $32,750. This was later modified by increasing it to $33,750 for each 12-month period, and further modified by providing that the minimum premium for the first 12-month period should be $23,500.

The policy, by its conditions, further provided as follows with reference to premiums thus declared: "The premium stated in the Declarations is a premium deposit only. Upon termination of this policy or at the end of each policy period, the earned premium shall be computed in accordance with the Company's rates and rating plans applicable to this insurance. If the premium so determined is greater than the advance premium the named insured shall immediately pay the difference to the Company and if less the Company shall credit the difference to the premium account of the named insured."

It becomes clear from this and what has been pointed out that this had no reference to premium rate to be charged but only to the annual premium deposit and the computation and adjustment required at the end of each policy period of 12 months. Thus, as applied to this case, since the matter involved was within the first year, the minimum premium required was $23,500.

The policy, by endorsement No. 1, declares the rate of premium as follows: "The actual premium for this policy shall be $3.75 for each $100.00 of Gross Revenue as herein defined which shall be distributed as follows: * * *." That which follows is a declared pattern for determination of the elements to be considered in arriving at what should be regarded as gross revenue and the amounts attributed thereto. Thus Harris Truck Lines, Inc., was obligated to pay $3.75 as a premium on each $100 of gross revenue, and there is nothing to indicate that this was not a continuing obligation over each 12-month period.

The insurance policy, by item No. 4 of its declarations, contains the following: "Gross Revenue Rate—On or

before the 20th of each calendar month while this policy is in force the named insured shall render to the Company a statement showing the gross revenue, whether or not collected, derived from the use of all automobiles owned, hired or used by the named insured during the preceding calendar month. The premium for each such calendar month shall be computed on said statement at the rate of $3.75 per $100.00 of gross revenue, the premium to be payable to the Company forthwith."

This provision has no relation to policy periods. It leaves the periods at 12 months each. It provides only for monthly accounting periods and dates for monthly payments of premiums. It provides for payments of premiums forthwith. It is true that premium rate is mentioned but there is nothing in it to indicate a departure from the ultimate charge which is exacted under the policy for the designated 12-month periods.

It is however apparently on the basis of this provision of the policy that Seib relies to sustain the judgment which has been rendered in his favor. The insistence in the brief is that "the intent of the parties clearly indicates a month-to-month policy based on monthly gross revenue premiums to which the pro-rata clause applies," and that the designation of 12-month periods has no controlling significance.

If this contention is correct then, taking for granted the agreed-to computation of the parties and the interpretation of the policy provision relating to cancellation contained herein, Seib would be entitled to the judgment rendered in his behalf in this case. The contention however may not be sustained. It is negatived by the specific terms of the policy, the meaning of which is clearly and specifically stated.

The provision upon which Seib relies, which is quoted herein, is within what is termed a declaration of the policy. As to it, by a condition of the policy, which condition is also quoted herein, it is stated: "The premium stated in the Declarations is a premium deposit

only." This is followed by other language which makes it further clear that reference to policy premium period was not intended and there was nothing from which it could be presumed. The policy of insurance is one which is controlled by the rule of construction stated as follows in Adolf v. Union Nat. Life Ins. Co., 170 Neb. 38, 101 N. W. 2d 504: "A contract of insurance which is plain and unambiguous as to its meaning must be enforced according to its terms the same as any other contract."

It follows further, in the light of this interpretation of the policy of insurance issued to Harris Truck Lines, Inc., the stipulation of the parties, and the case stated, that the plaintiff is entitled to judgment against John Seib for $501.69, the admitted balance due for premium on his own policy of insurance, and for $1,093.51, for the claimed unpaid pro rata premium on the policy of insurance issued by plaintiff to Harris Truck Lines, Inc.

This is true since, as is made clear by the stipulation signed by all of the parties and the case stated, the only matter in actual controversy was that of whether the theory of the plaintiff or that of Seib furnished the basis for pro rata computation of premiums on the Harris Truck Lines, Inc., policy in the event of cancellation.

The computation was not left open for consideration. The parties stipulated and agreed that if this question should be decided in favor of plaintiff its judgment would be for these stated amounts and for these purposes, but that if it should be decided in favor of Seib, he would be entitled to the benefit of $3,629.88 for premiums in excess of earned premiums on the policy which was issued to Harris Truck Lines, Inc. Thus if Seib was entitled to recover it would be in the amount of $3,128.19. The parties agreed that the successful party should be entitled to interest at the rate of 6 per cent per annum from April 7, 1960, to the date of judgment.

In the light of the conclusions reached herein the judgment of the district court in favor of Seib is re-

versed except that portion whereby it is adjudged that he is indebted to the plaintiff in the amount of $501.69 due as premiums on the policy of insurance issued to him by the plaintiff, and the cause is remanded to the district court with directions to render judgment in favor of the plaintiff on its causes of action, on the one for $501.69 and on the other for $1,093.51, with interest as agreed to by the parties, and for costs.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED WITH DIRECTIONS.